IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEWS AT HAVERFORD, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:24-cv-02044 |
| | : | |
| v. | : | |
| | : | |
| THE CORPORATION OF | : | |
| HAVERFORD COLLEGE | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFFS' JUNE 3, 2024**
**DOCUMENT REQUESTS TO DEFENDANT**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 34, Eastern

District of Pennsylvania Local Rule 26.1, and this Court's Guidelines, Plaintiffs, by their

undersigned counsel, hereby request and demand that Defendant produce any and all documents

specified herein in its possession, custody or control, for examination, inspection, production and

copying, within thirty days of service hereof, in accordance with the Definitions and Instructions

set forth below:

**INSTRUCTIONS**

1.      Plaintiffs seek production of the documents set forth in the requests below in

Defendant's possession, custody, and/or control, with that phrase being construed as

including (but not limited to) the possession, custody, and/or control of Haverford College

officers, employees (including faculty), members of the Board of Managers of The Corporation

of Haverford College as, as well as the attorneys, accountants, or other agents  of The

Corporation of Haverford College or, to the extent that you contend it constitutes a separate

legal entity, Haverford College.

2.      Unless otherwise stated, these requests cover the period for the period from August 1, 2023, through the present.

3.      As used in these requests, the singular shall also be treated as plural and vice-versa.

4.      Documents are to be produced in full, together with any attachments, exhibits, or appendices.  Redacted documents will not constitute compliance with these requests.  If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document or portion of that document is being withheld and the reason that document is being withheld.

5.      If any part of a document is responsive to any request, the whole document is to be produced.

6.      Documents not otherwise responsive to this discovery request shall be produced if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar materials.

7.      Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document is a separate and distinct document and it must be produced.

8.      Documents shall be produced either: (a) as they are kept in the usual or ordinary course of business; or (b) in a manner so that they are organized and labeled to correspond with the Requests.  If a document exists in electronic, digital or native form, then it should be produced in that form.

9.      Pursuant to Federal Rule of Civil Procedure 34(b), you are requested to produce any and all ESI in native format (including all metadata) whenever possible. ESI materials shall be produced in accordance with any governing ESI protocol that may be entered in this litigation.

10.     All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks If a hard copy of a document is scanned for production in this litigation, the scan must include a scan of the file folder or tab in which the document is maintained. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

11.     Produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of a document cannot be located, a copy should be produced in lieu thereof, and should be legible and bound or stapled in the same manner as the original.

12.     Documents attached to each other should not be separated.

13.     In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, employees, representatives, subsidiaries, managing agents, affiliates, investigators or by your attorneys or their agents, employees, representatives or investigators.

14.     A document must be produced if its substance is responsive but the document

resides on the cellular telephone, computer or other electronic device also used by a Haverford employee or agent for his or her personal use, regardless of whether or not that device, or the internet or cellular access for that device, was purchased by, or paid for, or is in the name of, Haverford College.

15.     A document must be produced if its substance is responsive but the document resides in an email account with an address not ending in Haverford.edu.

16.     If the information sought is not in your control, indicate each person who or which has such control and/or knowledge.

17.     If you are unable to produce a document in response to any request, so state and indicate whether the document ever existed, or whether the document once existed but cannot be located.  To the extent any documents are lost or destroyed, produce any documents which support your assertion that the document was lost or destroyed, and provide the date thereof.

18.     If you claim the attorney-client privilege, or any other privilege (including any so-called "common defense" and/or "common interest" privilege) or work product protection for any document or a portion thereof, or any other status which purportedly justifies withholding the document from production, you shall provide the following information with respect to each such document:

     a.   the type of privilege, or immunity from production, claimed (including work product protection or confidential status);

     b.   if the right to withhold is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

     c.   the type of document.

d.  If it is a written or graphic document (including but not limited to electronic mail, text message (whether via SMS, WhatsApp, or other mechanism or program), correspondence, memorandum, facsimile, etc.): the custodian, locations, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

e.  If it is an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of

f.  the persons present to the declarant; and, the general subject matter of the document;

g.  the date of the document;

h.  such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other; and

i.  any other information required to be furnished by the Federal Rules of Civil Procedure and/or the local rules of the United States District Court for the Eastern District of Pennsylvania.

19.     Any privilege log or list shall be produced in an Excel spreadsheet or other similar electronic format.

20.     You are under a continuous obligation to supplement your responses under the circumstances specified in Fed.R.Civ.P.26(e).  These document requests are

therefore continuing and require the Defendant (or any person acting on its behalf) to furnish supplemental responses whenever the defendant (or any person acting on its behalf) obtains additional information called for by the request. Each supplemental response shall be served on Plaintiff as soon as practicable but in no event more than thirty (30) days after the discovery of the further information.

21.     The terms set forth in these Requests identify subjects of inquiry and are not to be understood as an exhaustive list of search terms.


## DEFINITIONS

1.     "Defendant," "you," "your," and "yours" means any or all of Haverford College, The Corporation of Haverford College, each of their predecessor and successor entities, their officers, directors, shareholders, parent and subsidiary companies (whether direct or indirect), employees, agents, attorneys, representatives and other persons acting or authorized to act on their behalf.

2.     "Person" or "entity" means natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and any other organization or entity of any kind.

3.     "Communication" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas or transmission of exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, facsimile, e-mail, SMS or other texting mechanism, or any other process, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, electronic, or other

readable documents.

4.     "Document" means the broadest possible meaning of the word "documents" as that word is used in Federal Rule of Civil Procedure 34, and shall include electronically stored information and communications, as well as any writing, report, memorandum, file, presentation, communication, computer transmission, e-mail, correspondence, study, telegram, telex, agenda, minutes, bulletin, instruction, literature, memorandum of conversations, notes, notebook, diary, log, transcript, data sheet, work sheet, recording, tape, drawing, graph, index, chart, telephone record, audio or video recording, photograph, phonographic record, other data compilation of any other written, recorded, transcribed, punched, taped, filed or other graphic matter including any draft of the foregoing items and any copy or reproduction of any of the foregoing items upon which any notation,  work, figure or form is recorded or has been made which does not appear on the original, or as to whose existence, either past or present, the responding party has any knowledge or information. The term "document" also includes copies of all documents which are not identical duplicates of the originals, and copies of documents if the originals of documents are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents.

5.     "Electronically stored information" or "ESI" means the broadest possible meaning of the term "electronically stored information" as used in Federal Rule of Civil Procedure 34.

6.     "Native format" means the file format in which a computer or other application or program reads and writes the electronically stored information.

7.     The terms "relating to" and "regarding" and "concerning" include reflecting,

constituting, containing, evidencing, referring to, relating to, discussing, concerning, involving, dealing with, or bearing on (whether legally, factually, or otherwise) in whole or part.

8.      The words "and" and "or" shall be construed either in the disjunctive or the conjunctive, so as to bring within the scope of the discovery request the broadest range of documents.

9.      The words "any," "each," and "all" shall be construed as to be synonymous so as to bring within the scope of the discovery requests the broadest range of documents.

## DOCUMENTS REQUESTED

1. All communications created, dated or received on or after August 1, 2023, to which any of the following persons was a party:

> Wendy Raymond
> John McKnight
> Thelathia ("Nikki") Young
> Jesse Lytle

which refer or relate to any of the following subjects:

> Palestine or Palestinian
> Israel or Israeli
> Arab
> Keffiyeh
> Zionism
> Gaza
> Cease fire
> Plenary
> Genocide
> Poster
> Chabad
> Jewish Students Union
> Jews
> Judaism
> Islam

Hamas
Antisemitism
Islamophobia
Mask or face covering
Allyson (Ally), Jeffrey and/or Michele Landau


Respectfully submitted,


/s/

_____
Jerome M. Marcus, PA Attorney ID 50708
Lori Lowenthal Marcus, PA Attorney ID 5338
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA. 19066
Voice: 610.880.0100