IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLY LANDAU, HJSB, HJSC, and JEWS AT HAVERFORD<br><br>Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF HAVERFORD COLLEGE<br><br>Defendant. | CIVIL ACTION NO.<br><br>No. 2:24-cv-02044-GAM |

## HAVERFORD COLLEGE'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Defendant The Corporation of Haverford College ("Haverford" or "the College") submits this Brief in Opposition to Plaintiffs' Motion to Compel Discovery.

**SAUL EWING LLP**

Joshua W. B. Richards/204315
Levi R. Schy/329199
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7737 (Richards)
(215) 972-7803 (Schy)
Joshua.Richards@saul.com
Levi.Schy@saul.com

*Attorneys for Haverford College*

Date: September 24, 2024

## INTRODUCTION

In their Motion to Compel Discovery (ECF 16), Plaintiffs appear to argue that there is a loophole in the Federal Rules of Civil Procedure (which require the parties to meet and confer under Rule 26(f) prior to serving discovery) and this Court's Guidelines for Counsel (which permit service of discovery if no motion to dismiss has been filed) that permits them to serve early discovery. Plaintiffs' argument does not reflect a faithful reading of the applicable rules or this Court's Guidelines. Beyond that, Plaintiffs' request for relief runs contrary to the interests of procedural efficiency and judicial economy because the entire issue may be mooted by the College's currently pending dispositive Motion to Dismiss (ECF 17). For these reasons and those set forth more fully below, this Court should deny Plaintiffs' Motion.

## PROCEDURAL HISTORY

Plaintiff "Jews at Haverford" initiated this action by filing its initial Complaint with this Court on May 13, 2024 asserting claims for hostile environment in violation of Title VI and breach of contract. (ECF 1). On July 15, 2024, the College moved to dismiss the Complaint in its entirety. (ECF 7). On September 9, 2024, "Jews at Haverford" filed its First Amended Complaint asserting the same claims and adding Ally Landau, "HJSB," and "HJSC" as co-plaintiffs. (ECF 14). On September 23, 2024, the College moved to dismiss Plaintiff's First Amended Complaint in its entirety. (ECF 17).

Meanwhile, on June 3, 2024, Plaintiffs' counsel emailed Haverford's counsel a set of document requests ("Requests").[1] On July 15, 2024, shortly after Haverford filed its initial Motion to Dismiss, Plaintiffs' counsel inquired via email as to the College's plan for responding the Requests. At that time and in several subsequent emails, counsel for Haverford clearly

---

[1] Plaintiffs' Requests and relevant communications between counsel concerning same are attached as exhibits to Plaintiffs' Motion to Compel. (*See* ECF 16).

communicated to Plaintiffs' counsel that the applicable rules (as explained further below) do not impose any discovery response obligations on the College until *after* the parties have conferred at the Rule 26(f) conference. On September 10, 2024, shortly after filing Plaintiffs' First Amended Complaint, Plaintiffs' counsel inquired via email if the College's position had changed with regard to the premature Requests. Haverford's counsel advised the College's position remained unchanged. Plaintiffs responded by filing the instant Motion. (ECF 16).

## ARGUMENT

This Court's Guidelines for Counsel advises that discovery disputes should be settled "through civility and common sense." But Plaintiffs' arguments set forth in their Motion appear to be driven by a misreading of the rules governing discovery. Federal Rule of Civil Procedure 26 governs discovery in civil actions. Rule 26(d) sets forth the timing and sequence of discovery and explicitly states that "[a] party **may not seek discovery** from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis added). This action is not exempted from initial disclosure requirements under Rule 26(a)(1)(B).

Under certain circumstances, the Federal Rules also allow a party to deliver to another party early discovery requests for production of documents pursuant to Rule 34, but such "Early Rule 34 Requests," regardless of when delivered, are not considered to have been *served* until "the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2)(B) (emphasis added). The parties have yet to convene for a Rule 26(f) conference in this case and a Rule 26(f) conference has not been scheduled because the College has filed two motions to dismiss. As such, the Requests have not been properly served on Haverford and the College is currently not obliged to respond.

2

Rule 26(f) requires parties to a case to confer "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). The purpose of a 26(f) conference is to consider the nature and basis of the claims and defenses of a case and possibilities for resolution; make or arrange for initial disclosures; and most relevant here, discuss issues about preserving discoverable information and "develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2). This Court publishes Guidelines for Counsel[2] advising on, among other topics, discovery matters, stating:

> Parties should begin discovery as soon as permitted under the relevant Rules, without waiting for the Rule 16 Conference to be held. Furthermore, parties should not delay commencing discovery due to the pendency of a Motion to Dismiss, **except where the motion could result in complete dismissal of the case**.

Guidelines for Counsel at 2 (emphasis added). Plaintiffs appear to take the position that because this Court has advised that discovery should not wait for the Rule 16 Conference, such guidance abrogates the Federal Rules' prohibition against seeking discovery before the Rule 26(f) conference. Even setting that prohibition aside, common sense dictates that because the Rule 26(f) conference exists in part to "develop a proposed discovery plan," it is a necessary prerequisite to enforcing (or evaluating) discovery obligations.

This Court's Guidelines also recognize that where a pending motion to dismiss "could result in complete dismissal of the case," discovery may be delayed. Of course, Haverford has (twice) moved to dismiss Plaintiffs' claims in their entirety and a dispositive motion is pending right now. Plaintiffs seem to contend that because they strategically filed their Motion to Compel in a narrow window between amended pleadings, their Requests fall outside the Court's admonition that discovery should not begin while a dispositive motion is pending, an argument

---

[2] *See* https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/mchpol.pdf.

3

that, at best, elevates form over substance.[3] Because Plaintiffs' position is unsupported by the text of the applicable rules and does not comport with common sense or the apparent intent of this Court's Guidelines, the best course would be to deny Plaintiff's motion or hold the motion in abeyance pending the disposition of the pending Motion to Dismiss.

## CONCLUSION

For all the foregoing reasons, and any other reasons that may appear to the Court, Haverford respectfully requests that the Court deny Plaintiffs' Motion to Compel Discovery and award the College any such further relief as the Court deems just and proper.

Respectfully submitted,

**SAUL EWING LLP**

Date: September 24, 2024

s/ *Joshua W. B. Richards*
Joshua W. B. Richards/204315
Levi R. Schy/329199
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7737 (Richards)
(215) 972-7803 (Schy)
Joshua.Richards@saul.com
Levi.Schy@saul.com
*Attorneys for Haverford College*

---

[3] It is worth recognizing that in the Requests, which they characterize as "tightly focused," Plaintiffs request all communications to or from four senior Haverford administrators that include any of over 20 keywords, including "Palestine," "Israel," and "Jews." (ECF 16 Ex. A). As a result, Plaintiffs' Requests appear to be calculated less to answer the questions presented by their claims than to further Plaintiffs' attempt to litigate the virtue of the war in Gaza against Haverford in federal court. Plaintiffs' wide-ranging Requests to that end are beyond the scope of this lawsuit.

4

## **CERTIFICATE OF SERVICE**

I, Joshua W. B. Richards, certify that on this date I filed via the ECF system a true and correct copy of the foregoing **BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**, which constitutes valid service on the following registered users:

Jerome Marcus
Marcus & Marcus LLC
P.O. Box 212
Merion Station, PA 19066
jmarcus@marcuslaw.us

*Attorney for Plaintiffs Ally Landau, HJSB, HJSC, and "Jews at Haverford"*

Date: September 24, 2024                s/ *Joshua W. B. Richards*
                                                                   Joshua W. B. Richards/204315
                                                                   Centre Square West
                                                                   1500 Market Street, 38th Floor
                                                                   Philadelphia, PA 19102
                                                                   (215) 972-7737
                                                                   Joshua.Richards@saul.com

                                                                   *Attorney for The Corporation of Haverford College*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLY LANDAU, HJSB, HJSC, and JEWS AT HAVERFORD | : : : : | CIVIL ACTION NO.<br><br>No. 2:24-cv-02044-GAM |
| Plaintiffs, | : : | |
| v. | : : | |
| THE CORPORATION OF HAVERFORD COLLEGE | : : : | |
| Defendant. | | |

# [PROPOSED] ORDER

**AND NOW**, this _____ day of _____, 2024, after consideration of Plaintiffs' Motion to Compel Discovery, and any response thereto, it is **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
Hon. Gerald A. McHugh