# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLY LANDAU, HJSB, HJSC, and JEWS AT HAVERFORD | : : : : | CIVIL ACTION NO.<br><br>No. 2:24-cv-02044-GAM |
| Plaintiffs, | : : | |
| v. | : : | |
| THE CORPORATION OF HAVERFORD COLLEGE | : : | |
| Defendant. | : : : | |

## HAVERFORD COLLEGE'S RESPONSE TO MOTION BY PLAINTIFFS "HJSB" AND "HJSC" TO PROCEED UNDER PSEUDONYMS

Defendant The Corporation of Haverford College ("Haverford" or "the College") submits this Response to the Motion by Plaintiffs "HJSB" and "HJSC" to proceed under pseudonyms.

**SAUL EWING LLP**

Joshua W. B. Richards/204315
Levi R. Schy/329199
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7737 (Richards)
(215) 972-7803 (Schy)
Joshua.Richards@saul.com
Levi.Schy@saul.com
*Attorneys for Haverford College*

Date: November 22, 2024

## <u>INTRODUCTION AND BACKGROUND</u>

Plaintiffs filed their original Complaint on May 13, 2024 , describing themselves as "Jews at Haverford." (ECF 1). In that pleading, the then sole-plaintiff, "Jews at Haverford," alleged that it was an "unincorporated association consisting of Jewish students and faculty at Haverford College, as well Haverford alumni and parents of students and alumni, who are Jewish and share a commitment to the existence of Israel as a Jewish state." (*Id.* ¶ 29). "Jews at Haverford" identified only one member, Ally Landau, but alleged the existence of four additional members, Haverford students identified only as "HJSB," "HJSC," "HJSD," and "HJSE" (collectively, the "anonymous members"). (*Id.* ¶¶ 30-34).

On May 15, 2024, Haverford's counsel emailed Plaintiffs' counsel to inquire whether they intended to disclose to the College the identities of the anonymous members whose interests "Jews at Haverford" purports to represent and whose allegations are the basis for the claims in the original Complaint. (*See* Richards Decl., Ex. 1). Haverford's counsel explained that such information was necessary for Haverford to respond to the allegations in the complaint and to satisfy the College's document preservation obligations regarding the anonymous members. (*Id.*)

In a subsequent email on May 17, 2024, Haverford's counsel again explained to Plaintiffs' counsel that understanding the identities of the anonymous members was necessary for Haverford to respond to allegations concerning those individuals and such disclosure to Haverford was required in order to meet Plaintiffs' obligation to properly place the College on notice of the claims asserted against it. (*Id.*) Plaintiffs' counsel responded that they would not provide the identities of the anonymous members prior to the resolution of any forthcoming motion to dismiss and did not commit to disclosing their identities at any point thereafter. (*Id.*)

On July 15, 2024, Haverford moved to dismiss the original Complaint by "Jews at Haverford." (ECF 7). In that motion, Haverford noted Plaintiffs' refusal to identify the anonymous

members which significantly hindered "the College's ability to evaluate the allegations implicating those members and whether or not they have established standing to sue in their own right." (*Id.* at 20). "Jews at Haverford" did not oppose Haverford's motion, instead filing a First Amended Complaint ("FAC") on September 9, 2024. (ECF 14). The FAC did not address the College's concerns about the anonymous students' identities, but did add Ally Landau, "HJSB," and "HJSC" as individual plaintiffs to the lawsuit. ("HJSB" and "HJSC" are hereinafter referred to as the "anonymous plaintiffs"). (*Id.*) The College again moved to dismiss on September 23, 2024. (ECF 17).

The anonymous plaintiffs did not seek leave from the Court to proceed under pseudonyms until they filed the instant Motion on November 8, 2024 (ECF 24), nearly six months after Haverford inquired about the anonymous members' identities. The anonymous plaintiffs now seek permission to be excused from the Federal Rule of Civil Procedure 10(a) obligation to include their names on a complaint to which they are parties. (*Id.*)

On November 7, 2024, prior to filing the instant Motion, Plaintiffs' counsel inquired via email whether Haverford would oppose such a motion and on what grounds. (*See* Richards Decl., Ex. 2). Haverford's counsel asked Plaintiffs' counsel to share the basis for its intended motion in order for Haverford to advise Plaintiffs whether the College would consent to the motion. (*Id.*) Plaintiffs did not respond and instead filed the instant Motion wherein, for the first time (in a filing or otherwise) the anonymous plaintiffs commit to disclosing their identities to Haverford's counsel only in the event that Haverford's pending Motion to Dismiss the FAC is denied. As explained below, the College opposes Plaintiffs' motion in part and takes no position on the remainder of the relief sought by Plaintiffs.

## RESPONSE

**I.      Haverford is entitled to know the identities of the anonymous plaintiffs because that information is necessary for Haverford to respond to the claims asserted against it and to meet its document preservation obligations.**

The College has a significant interest in understanding the identity of any parties asserting claims against it as a basic prerequisite to Haverford's ability to respond and defend against the anonymous plaintiffs' allegations *See, e.g.*, *Frazier v. Se. Penna. Transp. Auth.*, No. CIV. A. 84-2950, 1989 WL 46206, at *1 (E.D. Pa. Apr. 26, 1989) ("It is a principle of fundamental fairness that a defendant has a right to know who is making a claim against it and the nature of the claim in order to defend itself.") Haverford has had an immediate and significant interest in understanding the anonymous plaintiffs' identities since the inception of this litigation. Haverford's fact development and investigation into this matter do not wait until the start of discovery, but Haverford has been unable to fully undertake such efforts because it does not know who is suing it or the facts underlying their claims.

The anonymous plaintiffs' refusal to identify themselves to Haverford has also significantly hindered the College's ability to satisfy its document preservation obligations under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(e). "It is well-settled that '[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence.'" *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 110 (E.D. Pa. 2010) (quoting *Bowman v. Am. Med. Sys., Inc.*, No. CIV.A.96–7871, 1998 WL 721079, at *3 (E.D.Pa. Oct. 9, 1998)). The duty to preserve relevant evidence may arise at different times but "no later than when a lawsuit is filed." *Bistrian v. Levi*, 448 F. Supp. 3d 454, 468 (E.D. Pa. 2020). Without knowing who is suing it, the College cannot take reasonable steps to preserve documents relating to their claims, which may in turn prejudice the College by hindering its ability to defend itself later.  As a result, the College

3

respectfully requests an expedited ruling ordering Plaintiffs to provide their identities to the College and the Court.

## II.    Haverford takes no position on whether the anonymous plaintiffs' desire to remain anonymous outweighs the public's interest in open courts.

Rule 10(a) requires parties to publicly disclose their identities on legal filings because "people have a right to know who is using their courts." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). While Haverford has an extraordinarily strong interest in knowing the identities of parties who have brought claims against it, and, as described in Haverford's Motion to Dismiss, Courts have weighed various factors in considering whether a request to proceed anonymously is permissible, the College itself does not assert any interest in Plaintiffs' identities being disclosed publicly. So long as the College is aware of their identities, any further interest in Plaintiffs' compliance with Rule 10(a) belongs to the public, not the College.  As a result, the College takes no position on the matter and defers to the Court to determine whether Plaintiffs have satisfied the legal standard for relief from Rule 10(a) in this case.

## CONCLUSION

For all the foregoing reasons, and any other reasons that may appear to the Court, Haverford respectfully requests that the Court order, on an expedited basis, Plaintiffs to disclose their identities to Haverford and award the College any such further relief as the Court deems just and proper.

Respectfully submitted,

**SAUL EWING LLP**

Date: November 22, 2024

<u>s/ *Joshua W. B. Richards*</u>
Joshua W. B. Richards/204315
Levi R. Schy/329199
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7737 (Richards)
(215) 972-7803 (Schy)
Joshua.Richards@saul.com
Levi.Schy@saul.com

*Attorneys for Haverford College*

**<u>CERTIFICATE OF SERVICE</u>**

I, Joshua W. B. Richards, certify that on this date I filed via the ECF system a true and correct copy of the foregoing **RESPONSE TO MOTION BY PLAINTIFFS "HJSB" AND "HJSC" TO PROCEED UNDER PSEUDONYMS**, which constitutes valid service on the following registered users:

Jerome Marcus
Marcus & Marcus LLC
P.O. Box 212
Merion Station, PA 19066
jmarcus@marcuslaw.us

*Attorney for Plaintiffs Ally Landau, HJSB, HJSC, and "Jews at Haverford"*

Date: November 22, 2024

s/ *Joshua W. B. Richards*
Joshua W. B. Richards/204315
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7737
Joshua.Richards@saul.com

*Attorney for Haverford College*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ———————————— | : |  |
| ALLY LANDAU, HJSB, HJSC, and | : | CIVIL ACTION NO. |
| JEWS AT HAVERFORD | : |  |
|  | : | No. 2:24-cv-02044-GAM |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| THE CORPORATION OF | : |  |
| HAVERFORD COLLEGE | : |  |
|  | : |  |
| Defendant. | : |  |
| ———————————— |  |  |

## [PROPOSED] ORDER

**AND NOW**, this _____ day of _____, 2024, after consideration of the Motion by Plaintiffs "HJSB" and "HJSC" to Proceed Under Pseudonyms, and any response thereto, it is **ORDERED** that the Motion is **DENIED IN PART**. Plaintiffs are **ORDERED** to promptly disclose to Haverford College and the Court the identities of the individuals identified in the First Amended Complaint as "HJSB," "HJSC," HJSD," and "HJSE."

**BY THE COURT:**

_____
Hon. Gerald A. McHugh