# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLY LANDAU et al., | : | |
| | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| v. | : | No. 2:24-cv-02044-GAM |
| | : | |
| THE CORPORATION OF HAVERFORD COLLEGE, | : | ORAL ARGUMENT REQUESTED |
| | : | |
| *Defendant*. | : | |

### REPLY IN SUPPORT OF MOTION BY PLAINTIFFS "HJSB" AND "HJSC" TO PROCEED UNDER PSEUDONYMS

Plaintiffs "HJSB" and "HJSC" have moved for leave to continue litigating under their respective pseudonyms and to limit disclosure of their true names to the parties, their counsel, and to persons employed in the law offices of their counsel. (ECF 24 at 1). They have committed to disclosing their identities to Haverford's counsel if the College's pending Motion to Dismiss (ECF 17) is denied in any respect. (ECF 24-2 at 12). Haverford does not oppose HJSB or HJSC continuing to litigate under their respective pseudonyms, but instead it requests an expedited order that these plaintiffs *as well as non-parties/non-movants "HJSD" and "HJSE"* promptly identify themselves to the College and the Court—and without necessarily waiting for a ruling on Haverford's pending Motion to Dismiss. (ECF 25 at 4-5, 8).

Initially, Haverford does not explain why it needs Plaintiffs to identify non-party witnesses such as HJSD and HJSE. Plaintiffs' Motion to Proceed Under Pseudonyms (ECF 24) does not concern HJSD or HJSE; there was no need to seek pseudonym status for these individuals because they are not parties. *See* Fed. R. Civ. P. 10(a) (requiring only identification of the parties in a complaint). The Court has also recently concurred with Haverford's argument

1

that discovery should not commence until after the parties have participated in a Rule 26(f) conference. (*See generally* ECF 18 & ECF 22.) If Plaintiffs cannot take discovery from Haverford in advance of the Rule 26(f) conference, then Haverford should not be able to take such discovery (identifying witnesses) from Plaintiffs—especially without a proper motion. The Court should deny Haverford's improper request for the expedited identification of non-parties HJSD and HJSE.

The Court should also deny Haverford's expedited request to identify Plaintiffs HJSB and HJSC prior to any ruling on the pending Motion to Dismiss (ECF 17). Haverford makes two arguments in support of this request: (1) "fact development and investigation do not wait until the start of discovery"; and (2) Haverford needs to "satisfy its document preservation obligations." (ECF 25 at 4). Neither of these arguments are persuasive.

*First*, Plaintiffs' highly detailed Amended Complaint (ECF 14), the Demand and preservation letter that Plaintiffs' counsel sent to Haverford in February 2024 (Exhibit A attached hereto), and the document requests that Plaintiffs served on June 3, 2024 (ECF 16-4) provide ample information enabling Haverford to investigate Plaintiffs' allegations and to preserve documents. If Haverford truly believed that it needed the identities of HSJB or HJSC to investigate the allegations or to preserve documents, it could have filed a motion to compel these identities at any time in the six months preceding its Response to the Motion to Proceed Under Pseudonyms. Haverford did not do so.[1]

*Second*, given the broad nature of Plaintiffs' allegations, Haverford's preservation obligations are far more expensive than documents or communications merely connected to the two pseudonymous Plaintiffs.

---

[1] If the pending Motion to Dismiss (ECF 17) is denied and Haverford feels that it needs reasonable extensions of time to respond to the Amended Complaint or to take discovery, Plaintiffs would not oppose this.

*Third*, if Haverford's pending Motion to Dismiss (ECF 17) is granted in full, the College will have no need to continue investigating the allegations, no need to continue preserving documents, and no need for the identities of HJSB or HJSC.

*Finally*, Plaintiffs' Amended Complaint (ECF 14) and their Motion to Proceed Under Pseudonyms (ECF 24) evidence a high degree of animosity on Haverford's campus for Jewish students—including by Haverford's leadership—and there is no need to expose the identities of HJSB or HJSC unless Haverford's Motion to Dismiss (ECF 17) is denied.

….

For the reasons stated above and for those in the Motion to Proceed Under Pseudonyms (ECF 24), if the pending Motion to Dismiss (ECF 17) is denied in any respect, Plaintiffs HJSB and HJSC request leave to proceed under their respective pseudonyms for the remainder of this litigation and to limit disclosure of their true names to the parties, their counsel, and to persons employed in the law offices of their counsel. Alternatively, should the Court decline to grant HJSB and HJSC leave to use their respective pseudonyms for the remainder of this litigation, then they request leave to use their pseudonyms for as long as they are enrolled at Haverford. Finally, the Court should deny Haverford's request for an expedited ruling that Plaintiffs identify HJSB, HJSC, and non-parties HJSD and HJSE to the College and to the Court prior to ruling on Haverford's pending Motion to Dismiss.

          Respectfully submitted,

          */s/ Jerome M. Marcus*

          Jerome M. Marcus
          PA Attorney ID 50708
          Lori Lowenthal Marcus

PA Attorney ID 5338
THE DEBORAH PROJECT
P.O. Box 212
Merion Station, PA 19066
(610) 880-0100 (tel.)
(610) 664-1559 (fax)

*Counsel for Plaintiffs*

Date: December 2, 2024

## CERTIFICATE OF SERVICE

I, Jerome M. Marcus, hereby certify that on the date set forth below, the foregoing document will be filed electronically and made available for viewing and downloading from the ECF system. Service will be made electronically on the following persons:

Jerome M. Marcus
jmarcus@marcuslaw.us

Joshua W.B. Richards
joshua.richards@saul.com

Levi R. Schy
levi.schy@saul.com

Jerome M. Marcus

Date: December 2, 2024